UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ADAM SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INDIANA PACKERS CORPORATION, )<br>)<br>Defendant. ) | Case No. 1:19-cv-04563-TWP-MPB |

**ORDER GRANTING DEFENDANT'S ALTERNATIVE MOTION TO TRANSFER**

This matter is before the Court on the Defendant Indiana Packers Corporation's ("IPC") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(3), or in the Alternative to Transfer for Improper Venue Pursuant to 28 U.S.C. § 1406(a) (Filing No. 10). Plaintiff Adam Smith ("Smith"), *pro se*, initiated this action alleging Employment Discrimination, bringing claims against IPC under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 ("ADEA"), and the Family and Medical Leave Act, 29 U.S.C. § 2601 ("FMLA"). IPC promptly moved to dismiss the action because of improper venue or, alternatively, to transfer the action to the Northern District of Indiana. For the following reasons, the Court **grants** IPC's alternative request and transfers the action to the Northern District of Indiana.

**I. BACKGROUND**

The following facts are taken from Smith's Complaint and are accepted as true for purposes of this Motion. *See Deb v. Sirva, Inc.*, 832 F.3d 800, 808–09 (7th Cir. 2016).

Smith, an Indiana citizen, resides in Logansport, Indiana, which is in Cass County in the Northern District of Indiana. IPC is a corporation incorporated in the state of Delaware and has

its principal place of business in Delphi, Indiana, which is in Carroll County in the Northern District of Indiana. Smith began working for IPC in Delphi around April 2017 ([Filing No. 1 at 2](Filing No. 1 at 2)–3, 5).

During his employment with IPC, Smith's managers, Louis Pence ("Pence"), Nathaniel Smith, Tony Skelton, and Curt Radissdorf, discriminated and retaliated against him by appointing an employee who had less experience to a position that Smith sought. Smith was confronted by his supervisors, and he admitted that he had reported them to human resources. Smith sought to be promoted or transferred to a different department after reporting his supervisors (Pence, Nathaniel Smith, Tony Skelton, and Curt Radissdorf) to human resources for retaliatory treatment.

Smith was a good, productive employee until he injured his back, which necessitated his need to take medication, and the medication led to Smith's need to use the restroom more frequently. He was under the care of a physician, and he had an open FMLA case. On March 29, 2019, Smith was working on the production line at IPC when he felt the need to use the restroom during production time. Smith notified his supervisor, Pence, of his need to use the restroom, and Pence told him to wait until he could find somebody to temporarily replace Smith on the line. After thirty-seven minutes passed, Smith could no longer wait to use the restroom. He again asked Pence for an opportunity to use the restroom and Pence again told him to wait. Smith responded that he could no longer wait and that he had a doctor's note in the nurse's office stating he could use the restroom whenever needed. Pence replied that Smith could use the restroom, but he would be written up for the incident and was to report to Pence's office afterward. Smith went to the nurse's office because he was cramping. While he was in the office, Pence told Smith that his doctor's note had expired, so IPC did not have to let him use the restroom during production time. Smith objected, and Pence terminated Smith's employment with IPC. *Id.* at 5–8. Smith

experienced harassment, unjust suspension, denial of interviews for open positions, and eventually termination. *Id.* at 9–10.

On approximately April 1, 2019, Smith filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). *Id.* at 5. The EEOC issued a Notice of Right to Sue Letter to Smith on August 15, 2019 (Filing No. 1-1). On November 14, 2019, Smith filed the instant Complaint against IPC in the district court, Southern District of Indiana, asserting employment discrimination claims under Title VII, ADEA, and FMLA. IPC followed with its Motion to Dismiss, arguing improper venue.

## II.　LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move for dismissal on the basis of improper venue. *See Auto. Mechs. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007). "When considering a motion to dismiss under Rule 12(b)(3), the plaintiff bears the burden of establishing proper venue." *Wounded Warrior Project, Inc. v. Help Ind. Vets, Inc.*, 2014 U.S. Dist. LEXIS 31771, at *4 (S.D. Ind. Mar. 12, 2014).

"When considering a motion to dismiss, the district court ordinarily assumes the truth of all well-pleaded allegations in the plaintiff's complaint. But this rule is less absolute when considering a motion to dismiss under Federal Rule 12(b)(3) than under Rule 12(b)(6)." *Deb*, 832 F.3d at 808–09 (citation omitted). "Under Rule 12(b)(3), which allows for dismissal for improper venue, the district court assumes the truth of the allegations in the plaintiff's complaint, *unless* contradicted by the defendant's affidavits." *Id.* at 809. "Rule 12(b)(3) is a somewhat unique context of dismissal in that a court may look beyond the mere allegations of a complaint and need not view the allegations of the complaint as the exclusive basis for its decision." *Id.* "It is

3

appropriate, then, for [the court] to consider the evidence submitted with the motion." *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 810 (7th Cir. 2011).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and quotation marks omitted).

> However, it is also well established that pro se litigants are not excused from compliance with procedural rules. The Supreme Court has never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. Further, as the Supreme Court has noted, in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.

*Feresu v. Trs. of Ind. Univ.*, 2017 U.S. Dist. LEXIS 66452, at *18–19 (S.D. Ind. May 2, 2017) (citations and punctuation marks omitted).

### III.  DISCUSSION

"Venue must be proper as to each claim in a multi-count action." *Rich-Mix Prods., Inc. v. Quikrete Cos.*, 1999 U.S. Dist. LEXIS 9005, at *5 (N.D. Ill. June 4, 1999); *see also Starr Indem. & Liab. Co. v. Luckey Logistics*, 2017 U.S. Dist. LEXIS 88090, at *3 (C.D. Ill. June 6, 2017) ("The plaintiff must show that venue is proper as to all defendants and all claims."). Pursuant to the general venue statute,

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

IPC argues that Smith's claims are not properly filed in this venue, the Southern District of Indiana, therefore dismissal is appropriate. IPC explains that the ADEA and the FMLA do not contain special venue provisions, so claims under those statutes are governed by the general venue provision of 28 U.S.C. § 1391. *See, e.g.*, *Hull v. Prologix Distrib. Servs. East*, 2010 WL 3999601 at *2 (N.D. Ind., Oct. 12, 2010) (ADEA); *Hills v. AT&T Mobility Servs., LCC*, 2018 WL 6322363 at *6, n.3 (N.D. Ind., Dec. 4, 2018) (FMLA).

IPC asserts that venue in the Southern District of Indiana is improper under 28 U.S.C. § 1391(b) because the only defendant, IPC, does not reside in this district, and none of the events giving rise to the claims occurred in this district. Rather, IPC resides in the Northern District of Indiana, and all events giving rise to the claims in this case occurred in that district. The case could have and should have been filed in the Northern District of Indiana. Because venue is improper for the ADEA and FMLA claims, IPC argues, venue is improper for the entire case.

In response to IPC's Motion, Smith asserts that he "was under the impression by the representative at the E.E.O.C. Office [he] could file [his] case in the southern district." (Filing No. 12.) Smith's only argument against transferring venue is that he believes he might not get a fair and unbiased jury in the Northern District of Indiana because of IPC's widespread reputation in that district.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Thus, a case filed in the wrong district must either be dismissed or transferred to a proper district. *See Atl. Marine Const. Co. v. U.S. Dist. Court*, 571 U.S. 49, 56 (2013). While the Court understands Smith's concern

regarding a fair and impartial jury, his speculation about juries in the Northern District of Indiana is not relevant or material to the venue analysis.

IPC's arguments are well-taken and supported by statute and case law. Venue is not proper here because this Court is not a judicial district in which any defendant resides or a judicial district in which any events giving rise to the claims occurred. The Northern District of Indiana is the proper venue because IPC has its principal place of business there, and all the events giving rise to Smith's claims took place there. The Court also notes that Smith resides in the Northern District of Indiana. Because venue is improper here, the Court must either dismiss the action or transfer it to the proper venue. In light of Smith's *pro se* status, the Court concludes that it is in the interest of justice that the case be transferred to the proper venue rather than be dismissed.

### IV. CONCLUSION

For the reasons stated above, the Court **GRANTS in part and DENIES in part** IPC's Motion. The Motion to Dismiss is **denied**; however, IPC's alternative request for transfer of venue is **granted**. ([Filing No. 10](#).) The Clerk is **directed to transfer** this matter to the United States District Court, Northern District of Indiana.

**SO ORDERED.**

Date: 5/13/2020

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

| | |
|---|---|
| Adam Smith<br>1620 Silver St.<br>Logansport, IN 46947 | Richard P. Winegardner<br>BARNES & THORNBURG, LLP<br>rwinegar@btlaw.com |
| Anthony Kyle Glenn<br>BARNES & THORNBURG, LLP<br>anthony.glenn@btlaw.com | |